## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ARIE OREN,

      Plaintiff,

      v.

PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.

CIVIL ACTION NO. 3:20-cv-02451

(SAPORITO, M.J.)

## **MEMORANDUM**

This is a fee-paid federal civil rights action by a former state prisoner, Arie Oren, challenging the conditions of his confinement while he was incarcerated at a Pennsylvania state prison, SCI Camp Hill, between April 2013 and June 2019. At the time of filing, Oren had been released from prison and deported to his native country, Israel. He is represented by counsel.

In his counseled complaint, the plaintiff asserts Eighth Amendment cruel and unusual punishment and Fourteenth Amendment due process claims, made actionable under 42 U.S.C. § 1983, and a failure to accommodate claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, against five named defendants: (1) the

Pennsylvania Department of Corrections ("DOC"); (2) John E. Wetzel, the Pennsylvania Secretary of Corrections; (3) Laurel R. Harry, the Superintendent of SCI Camp Hill; (4) Sergeant Rivera, a correctional officer at SCI Camp Hill; and (5) CO Lagovino, a correctional officer at SCI Camp Hill. For relief, the plaintiff seeks an unspecified amount of compensatory and punitive damages.

The defendants have entered their appearance through counsel and moved to dismiss the action for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10). That motion is fully briefed and ripe for decision. (Doc. 11; Doc. 12; Doc. 13.)

## I.   ALLEGATIONS OF THE COMPLAINT

Oren was incarcerated at SCI Camp Hill from April 2013 through July 2019,[1] when he was transferred to federal immigration custody. He was ultimately deported to Israel in April 2020.

During his period of incarceration, Oren was "qualified" as hearing

---

[1] The complaint alleges in one spot that Oren was paroled and released to federal immigration officials in June 2019, but elsewhere it alleges that he was paroled and released to federal immigration officials in July 2019. Based on the facts alleged throughout the complaint, including other events that occurred in July 2019 while incarcerated at SCI Camp Hill, we have treated the reference to a June release date as a scrivener's error.

impaired.[2] On October 15, 2015, Oren was charged with a misconduct by Sergeant Rivera for continuing to use a telephone after the time period for which he had signed up expired. According to Rivera, Oren had ignored an intercom announcement instructing him to get off the telephone because his time had expired. But Oren did not hear the announcement due to his hearing impairment. Rivera also falsely stated that there were other inmates waiting to use the phone at the time.

Oren was placed in administrative custody and denied telephone privileges for 30 days while the misconduct was pending. Ultimately, the Program Review Committee dismissed the misconduct on administrative appeal.

For reasons that do not appear to be relevant to the disposition of his claims, Oren was twice considered for and denied parole release in December 2016 and November 2017. Oren was ultimately approved for parole in May 2019.

In March 2019, Oren's cell was searched and officials confiscated a

---

[2] It is unclear whether this allegation means the plaintiff's hearing impairment was first diagnosed during his incarceration, or if it means he was hearing impaired during the entire period of his incarceration at SCI Camp Hill. The distinction is immaterial in any event.

cellphone that belonged to his cellmate, which was apparently contraband. On March 22, 2019, Oren was placed in administrative custody "pending investigation." On April 24, 2019, Oren received a notice informing him that his administrative custody status had been changed from "under investigation" to "safety segregation" because Oren was a "danger to himself or from some person(s) in the facility and cannot be protected by alternate measures." Oren remained in administrative custody until July 30, 2019, when he was paroled and released into the custody of federal immigration officials for deportation.

On July 25, 2019, shortly before his parole release, Oren was taken to "R block" for registration procedures, where CO Lagovino handcuffed his wrists "extremely tightly." Oren complained to Lagovino, informing Lagovino that his hand was numb, tingling, and turning purple. Lagovino verbally harassed Oren, calling him a "rapist" and a "fucking piece of shit" from a "shitty country," Israel. Oren requested medical treatment, but his request was denied. Oren continued to experience numbness and tingling in his hand for several days.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a

defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed.

App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## III.   DISCUSSION

### A. The Plaintiff's ADA Claim Against the DOC

The plaintiff asserts an ADA failure to accommodate claim against the DOC.[3] The defendants move to dismiss this claim on the ground that it is barred by the applicable statute of limitations.

Title II of the ADA makes it unlawful for public entities, including prisons, to discriminate against the disabled in the provision of services, programs, and activities. *See Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015). But such claims are subject to a two-year statute of limitations in Pennsylvania. *See Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d

---

[3] All three counts of the complaint are asserted against "Defendants" generally. But the DOC is the only appropriate defendant for an ADA claim, as Title II of the ADA does not provide a cause of action against individual employees of the DOC. *See Whitehurst v. Lackawanna Cty.*, Civil Action No. 3:17-cv-00903, 2020 WL 6106616, at *11 (M.D. Pa. Mar. 5, 2020). To the extent the plaintiff intended to assert his ADA claim against the other four named defendants, he has failed to state a claim upon which relief can be granted.

Cir. 2008); *see also* 42 Pa. Cons. Stat. Ann. § 5524. The only discriminatory conduct alleged in the complaint occurred in October 2015, well more than two years before this action commenced.

Although the running of a statute of limitations is an affirmative defense, which generally must be raised by way of answer to the complaint, *see* Fed. R. Civ. P. 8(c), where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint for failure to state a claim under Rule 12(b)(6). *See Robinson v. Johnson*, 313 F.3d 128, 135 & n.3 (3d Cir. 2002); I, 647 F. Supp. 2d 534, 540 (M.D. Pa. 2009); *see also Collins v. Village of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) ("Although the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if the complaint contains everything necessary to establish that the claim is untimely. Moreover, judicial notice of public court documents is appropriate when ruling on a Rule 12(b)(6) motion to dismiss.") (citations omitted).

Accordingly, the plaintiff's ADA claim will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.[4]

## B. The Plaintiff's *Monell* Claim Against the DOC

The plaintiff asserts a § 1983 *Monell* claim against the DOC.[5] The defendants move to dismiss this claim on the ground that *Monell* applies only to municipalities, as state agencies are entitled to Eleventh Amendment immunity.

---

[4] We note that the body of the count articulating the plaintiff's § 1983 *Monell* claim against the DOC includes a *non sequitur* reference to Section 504 of the Rehabilitation Act, which provides a substantively parallel cause of action to the ADA. *See generally McDonald v. Pa. Dep't of Pub. Welfare*, 62 F.3d 92, 94–95 (3d Cir. 1995) ("Whether suit is filed under the Rehabilitation Act or under the Disabilities Act, the substantive standards for determining liability are the same."). We are under no obligation to liberally construe the pleadings of a represented party, and thus we decline to construe the complaint as also asserting a Rehabilitation Act claim. *See Zurawski v. Se. Pa. Transp. Auth.*, 441 Fed. App'x 133, 135 (3d Cir. 2011) (per curiam). In any event, however, we note that a Rehabilitation Act claim would be similarly barred by the applicable statute of limitations. *See Disabled in Action*, 539 F.3d at 208.

[5] As we have noted, all three counts of the complaint are asserted against "Defendants" generally. But, much like the plaintiff's ADA claim, a *Monell* claim can only be stated against a municipality or a corporate entity, not an individual person. *See Lepre v. Lukus*, 602 Fed. App'x 864, 869 n.4 (3d Cir. 2015) (per curiam) ("*Monell* . . . sets forth the test to determine if municipalities, not individuals, can be held liable under § 1983."); *Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 669–70 (E.D. Pa. 2020) ("*Monell* liability applies only to municipalities, not to individuals."). To the extent the plaintiff intended to assert his *Monell* claim against the four individual defendants, he has failed to state a claim upon which relief can be granted.

Indeed, as the plaintiff has conceded in his brief in opposition, it is well established that *Monell* liability is limited to municipalities, and state agencies such as the DOC are immune from § 1983 liability under the Eleventh Amendment. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.54 (1978) ("Our holding today is, of course, limited to local government units which are *not* considered part of the State for Eleventh Amendment purposes.") (emphasis added); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 & n.10 (3d Cir. 2020) (recognizing that the DOC was immune from § 1983 *Monell* liability under the Eleventh Amendment); *Endl v. New Jersey*, 5 F. Supp. 3d 689, 698 n.6 (D.N.J. 1989) ("[T]he premise for *Monell* liability is lacking: [a state department of corrections] is not a 'person' whose acts will subject it to a Section 1983 claim.").

Accordingly, the plaintiff's § 1983 *Monell* claim will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## C. The Plaintiff's Administrative Custody Claims

The plaintiff asserts § 1983 condition of confinement claims against the four individual defendants arising out of an allegedly excessive and prolonged period of administrative custody between March 2019 and July

2019.[6] He contends that this extended period of administrative custody constituted cruel and unusual punishment, in violation of the Eighth Amendment, and deprived him of his procedural due process rights, in violation of the Fourteenth Amendment.

---

[6] We note that the complaint alleges a prior 30-day period of administrative custody in October 2015, but in addition to being even shorter than the 2019 period of administrative custody, this earlier period of administrative custody occurred well more than two years before this action commenced, and thus any relief under § 1983 is clearly time-barred. *See Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78–79 (3d Cir. 1989); *see also* 42 Pa. Cons. Stat. Ann. § 5524.

The complaint also alleges facts concerning a July 2019 encounter with CO Lagovino involving verbal harassment and the restraint of Oren in handcuffs. But the complaint only expressly pleads a § 1983 claim concerning the allegedly prolonged duration of Oren's placement in in administrative custody. It does not plead an excessive force claim or any other sort of constitutional tort claim. As we have previously noted, we are under no obligation to liberally construe the pleadings of a represented party, and thus we decline to construe the complaint as asserting any other § 1983 claim beside the administrative custody claim that this counseled plaintiff has expressly pleaded. *See Zurawski*, 441 Fed. App'x at 135. In any event, however, we note that "[i]t is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment," *Robinson v. Taylor*, 204 Fed. App'x 155, 156 (3d Cir. 2006) (per curiam), and the mere restraint of an inmate in handcuffs resulting in nothing more than temporary numbness, with no permanent injury or debilitating pain, amounts to a non-actionable *de minimis* use of force, *see Bell v. Rothrock*, Civil Action No. 4:18-cv-02177, 2020 WL 1288484, at *8 (M.D. Pa. Jan. 30, 2020), *report & recommendation adopted by* 2020 WL 1244595 (M.D. Pa. Mar. 16, 2020); *Best v. S.C.I. Huntingdon*, Civil Action No. 3:19-cv-01599, 2019 WL 5866707, at *4 (M.D. Pa. Oct. 9, 2019), *report & recommendation adopted by* 2019 WL 5868259 (M.D. Pa. Nov. 8, 2019).

The plaintiff claims that his confinement in administrative custody for approximately 120 days violated the Eighth Amendment's proscription against cruel and unusual punishment. But it is well established that confinement in administrative custody for such a brief period of time, without any allegation that the inmate was denied "basic human needs, such as food, clothing, shelter, sanitation, medical care [or] personal safety," fails to state an Eighth Amendment claim. *See Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997); *see also McGrath v. Johnson*, 67 F. Supp. 2d 499, 513 (E.D. Pa. 1999).

The plaintiff further claims that his confinement in administrative custody for approximately 120 days deprived him of his Fourteenth Amendment procedural due process rights. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a threshold matter, "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Att'y Gen.*, 469 F.3d 94, 98 (3d Cir. 2006) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)); *see also Wolfe v. Pa. Dep't of Corr.*, 334 F. Supp. 2d 762, 773 (E.D. Pa. 2004). But "the

mere fact of placement in administrative segregation is not in itself
enough to implicate a liberty interest." *Leamer v. Fauver*, 288 F.3d 532,
546 (3d Cir. 2002). Nor does the 120-day duration of Oren's stay in
administrative custody constitute an "atypical and significant
hardship . . . in relation to the ordinary incidents of prison life" sufficient
to deprive him of a protected liberty interest. *See Griffin*, 112 F.3d at
706–08 (no protected liberty interest in avoiding 15-month placement in
administrative custody); *see also Washington-El v. DiGuglielmo*, 419 Fed.
App'x 275, 278 n.2 (3d Cir. 2011) (per curiam) (17-month stay in
administrative custody); *Torres v. Fauver*, 292 F.3d 141, 151–52 (3d Cir.
2002) (120-day stay in administrative segregation). *See generally Sandin
v. Conner*, 515 U.S. 472, 483–84 (1995) ("States may under certain
circumstances create liberty interests which are protected by the Due
Process Clause. But these interests will be generally limited to freedom
from restraint which, while not exceeding the sentence in such an
unexpected manner as to give rise to protection by the Due Process
Clause of its own force, nonetheless imposes atypical and significant
hardship on the inmate in relation to the ordinary incidents of prison
life.") (citations omitted). Oren does not allege any particular conditions

of his confinement in administrative custody that might constitute an atypical, significant deprivation. Absent a protected liberty interest, Oren's confinement in administrative custody lacks any legal significance for due process purposes.

Moreover, the complaint has failed to allege personal involvement by any of the four individual defendants with respect to Oren's placement in administrative custody. It is well established that "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown, via the complaint's allegations, to have been *personally involved* in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted) (emphasis added). As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Although a supervisor cannot encourage constitutional violations, a supervisor has

"no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986).

Here, there are no specific allegations regarding the conduct of *any* individual defendant with respect to Oren's placement in administrative custody. Absent any specific allegations of personal involvement by these defendants, the plaintiff has failed to state a plausible § 1983 claim against any of them. *See Simonton v. Ryland-Tanner*, 836 Fed. App'x 81, 84 (3d Cir. 2020) (per curiam); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Caristo v. Blairsville-Saltsburg Sch. Dist.*, 370 F. Supp. 3d 554, 569 n.21 (W.D. Pa. 2019) ("Plaintiff must plead facts demonstrating the specific personal involvement of each Individual Defendant as to any Constitutional deprivations she alleges. Group pleading as to such matters will not suffice.").

Accordingly, the plaintiff's § 1983 claims concerning his placement in administrative custody will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## D. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, based on the facts alleged in the complaint and the additional evidence proffered by the plaintiff as exhibits to his brief in opposition to the motion to dismiss,[7] it is clear that amendment would be futile. *See Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 350 n.4

---

[7] The plaintiff has proffered documentary exhibits in an effort to establish personal involvement by Secretary Wetzel and Superintendent Harry. The proffered exhibits purport to document Oren's administrative appeals to Superintendent Harry and Secretary Wetzel regarding his placement in administrative custody. But it is well-settled that if a prison official's only involvement is investigating or ruling on an inmate's grievance after the incident giving rise to the grievance has occurred, there is no personal involvement on the part of that official. *See Rode*, 845 F.2d at 1208; *see also Brooks v. Beard*, 167 Fed. App'x 923, 925 (3d Cir. 2006) (per curiam) (characterizing such a claim as legally frivolous). "[T]he mere fact that an official receives and reviews a letter or grievance appeal is insufficient to establish personal involvement (*i.e.*, failure to respond or react does not establish that the official endorsed or acquiesced in the conduct at issue)." *Hennis v. Varner*, Civil Action No. 12-646, 2014 WL 1317556, at *9 (W.D. Pa. Mar. 31, 2014).

(S.D.N.Y. 2016) (considering evidence outside the pleadings for limited purpose of whether to grant leave to amend); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1078 (C.D. Cal. 2009) ("A court may consider factual allegations outside of the complaint in determining whether to grant leave to amend."); *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 445 (S.D.N.Y. 2004). Therefore, the plaintiff's claims will be dismissed *without* leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the defendants' motion will be granted and this action will be dismissed for failure to state a claim upon which relief can be granted.

An appropriate order follows.

Dated: March 9, 2022              **_s/Joseph F. Saporito, Jr._**
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge